**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| DARRELL JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:10-cv-1453-LJM-DML |
| ) | |
| PAUL R. CIESIELSKI, *in his official* ) | |
| *capacity as Chief of Police Indianapolis* ) | |
| *Metropolitan Police Department,* et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Motion for Summary Judgment as**
**to Federal Claims and Remanding State Law Claims**

Darrell Johnson's claim is that the defendants violated his constitutional rights when pulling him over for a traffic stop and then searching and arresting him. The defendants move for summary judgment.

**I. Standard of Review**

Summary judgment should be granted Aif the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law.@ *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no Agenuine@ dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant=s favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

Johnson has not opposed the motion for summary judgment with a statement of material facts in dispute as required by Local Rule 56-1(b). As he was advised it would be, the consequence of this is that Johnson has conceded the defendants' version of the facts to the extent they are supported by admissible evidence. *See, e.g., Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) (holding that "a failure to

respond by the nonmovant as mandated by the local rules results in an admission"); *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998)(stating that procedural rules "apply to uncounseled litigants and must be enforced"). Johnson is aware of the foregoing requirement because he was supplied with a copy of Local Rule 56-1(h). The court expects compliance with this rule and all rules of procedure, whether a party is represented by counsel or otherwise.

## II. Statement of Facts

On January 23, 2009, at approximately 9:40 p.m., Officers Jeremy Devening and Brian Thorla of the Indianapolis Metropolitan Police Department ("IMPD") were on a routine patrol in Indianapolis, Indiana, in a fully marked police vehicle, wearing their IMPD uniforms. At that time, the defendant officers observed a vehicle traveling with a temporary license plate, which was not illuminated as required by IND. CODE ' 9-19-6-4(e). Based on this violation, the defendant officers initiated a traffic stop of Johnson's vehicle.

After Johnson pulled over to the side of the road, Officer Devening approached Johnson's vehicle and requested his driver's license, while Officer Thorla stayed in the police vehicle to observe. Officer Devening then returned to the police vehicle and conducted a Bureau of Motor Vehicle records search of Johnson's driver's license, which showed it was suspended. Officer Devening then approached Johnson's vehicle and requested that he exit, turn, and place his hands on his vehicle. Johnson complied. Officer Devening then conducted a non-invasive search of the outside of Johnson's clothes for officer safety reasons.

After the search, Officer Devening told Johnson to put his hands behind his back because he was being arrested for driving while his license was suspended. Johnson did not cooperate, so Officer Thorla exited the police vehicle as well and stood next to Officer Devening. Johnson said, "No, I'm not under arrest," pushed off his vehicle, and turned to face Officers Devening and Thorla. Johnson started to flail his arms around. This required officers to take Johnson to the ground in order to secure him with handcuffs. While Officers Devening and Thorla were attempting to handcuff Johnson, Johnson repeatedly pulled away, jerked his body around, stiffened his arms underneath himself, and forcibly resisted arrest.

The officers repeatedly ordered Johnson to stop resisting arrest and put his hands behind his back. When he did not comply, Officer Thorla unholstered his IMPD issued taser and told Johnson that if he did not cooperate and put his hands behind his back, he would deploy his taser. In response, Johnson stopped resisting and put his hands behind his back, allowing the defendant officers to place the handcuffs on him. The physical struggle with Officer Devening, Officer Thorla and Mr. Johnson lasted less than two minutes. Neither Officer Devening nor Officer Thorla struck Johnson after he was handcuffed. After his arrest, Johnson did not

complain of any injury or pain, and therefore, instead of being transported to a hospital, Johnson was transported to the Adult Processing Center for booking.

As a result of the incident, Johnson was charged with Driving While Suspended and Resisting Law Enforcement by Force. On January 24 and January 30, 2009, two different criminal court judges found probable cause existed for both charges. However, on June 26, 2009, the charges were dismissed by the Marion County Prosecutor's Office.

### III. Discussion

The defendant officers move for summary judgment on Johnson's claims of unlawful seizure, unlawful search, and excessive force. The IMPD, the City of Indianapolis, and Chief Ciesielski also move for summary judgment on Johnson's claims.

A. *Unlawful Seizure*

Officers Devening and Thorla are entitled to summary judgment on Johnson's claim that they violated his Fourth Amendment right to be free from unlawful searches and seizures. First, the actual stopping of Johnson's vehicle was lawful because Devening and Thorla observed Johnson driving his vehicle on a roadway without the proper lighting illuminating his temporary license plate as required by IND. CODE ' 9-19-6-4(e). A law enforcement officer may stop a person's automobile when the officer has probable cause to believe that a traffic violation has occurred. *Whren v. United States*, 517 U.S. 806, 116 (1996).

Johnson's arrest was also lawful because Devening learned during the course of Johnson's arrest that he was driving while his driver's license was suspended, a misdemeanor. This was sufficient to provide Devening with probable cause to arrest Johnson. *United States v. Sawyer*, 224 F.3d 675, 678-79 (7th Cir. 2000). ("A law enforcement officer has probable cause to make an arrest when the facts and circumstances within the officer's knowledge and of which the officer has reasonably trustworthy information are sufficient to warrant a prudent person into believing the suspect has committed or is committing an offense."). Because the defendants' actions in stopping Johnson's vehicle and arresting him were not unlawful, they did not violate his right to be free from unlawful seizures.

B. *Unlawful Search*

The defendant officers are also entitled to summary judgment on Johnson's claim that they subjected him to an unlawful search. Johnson was frisked prior to his arrest for safety reasons before being placed in police custody. Law enforcement officers may conduct a full search of an arrestee in order to discover weapons the

arrestee might be carrying and to preserve evidence for trial that might be destroyed. *United States v. Robinson*, 414 U.S. 218, 235 (1973); *United States v. Rodriguez*, 995 F.2d 776, 778 (7th Cir. 1993); *U.S. v. Williams*, 209 F.3d 940, 943 (7th Cir. 2000). Officer Devening conducted a pat-down of Johnson prior to placing him in handcuffs for officer safety reasons. There is no evidence that any other search was conducted of Johnson's person. This noninvasive search was made immediately preceding Johnson's formal arrest but following the existence of probable cause. There is no evidence that the search was unlawful.

C. *Excessive Force*

Johnson further claims that the defendant officers used excessive force when effectuating his arrest.

> Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of "'the nature and quality of the intrusion on the individual's Fourth Amendment interests"' against the countervailing governmental interests at stake. Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. Because "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Graham v. Connor* 490 U.S. 386, 396 (1989) (citations omitted). Johnson contends that the officers used excessive force on him when "Devening and/or Thorla struck Plaintiff to the temple with an elbow" when "one IMPD officer held his arm behind his back and was striking Plaintiff in the ribs with hands and feet," and when "[t]he other IMPD officer kneeled with a foot on Plaintiff's head, holding a taser to his neck and threatened to inflict further harm to Plaintiff's person." Officers Devening and Thorla have admitted they grabbed Johnson's wrist, took him to the ground, struggled to pull his arms behind his back, and threatened him with the use of a taser if Johnson did not cooperate and stop forcibly resisting his arrest.

Here, the undisputed evidence shows that Johnson did not cooperate when Officers Devening and Thorla attempted to arrest him. Johnson said, "No, I'm not under arrest," pushed off his vehicle, and turned to face Officers Devening and Thorla. He also flailed his arms around requiring the defendant officers to take

Johnson to the ground in order to secure him with handcuffs. Johnson repeatedly pulled away, jerked his body around, stiffened his arms underneath himself, and forcibly resisted arrest. The defendant officers repeatedly ordered Johnson to stop resisting his arrest and put his hands behind his back. When he did not comply, Officer Thorla told Johnson that if he did not cooperate and put his hands behind his back, he would deploy his taser. In response, Johnson stopped resisting and put his hands behind his back, allowing the officers to place the handcuffs on him. The physical struggle lasted less than two minutes. Neither Officer Devening nor Officer Thorla struck Johnson after he was handcuffed. After his arrest, Johnson did not complain of any injury or pain, and he was transported to the Adult Processing Center for booking. The officers' actions were reasonable under the circumstances.

The motion for summary judgment on Johnson's Fourth Amendment allegation of excessive force for allegedly being "handcuffed in sub-freezing weather [and being] placed on the curb with no more than a thin jacket and shorts, and held him for a time exceeding one (1) hour." Here, defendant officers did not commit excessive force when Johnson was made to stand in the cold weather, fully clothed, for a period of time. There is no evidence that Johnson was demonstrating any symptoms of hypothermia or complained of being cold. He never requested any medical attention because of the time he claims he spent in the cold, and he cannot show any medical records documenting he had suffered an adverse reaction to the weather. There is therefore no evidence to support an excessive force claim based on Johnson being handcuffed in cold weather. *See Miller v. Sanilac County*, 606 F.3d 240, 251-52 (6th Cir. 2010) (no unnecessary detention in extreme temperatures when plaintiff did not need medical attention and described his present physical condition as good, and does not appear to have presented any notable symptoms during a medical evaluation a week later for hypothermia).

### D. *Claims against City of Indianapolis and Chief Ciesielski*

Johnson names the IMPD and City of Indianapolis as defendants based on his claims against the defendant officers. His claim against the IMPD must be dismissed because municipal police departments "are not suable entities." *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011). His claims against the City of Indianapolis must also be dismissed because there is no claim sufficient to support municipal liability under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). More specifically, a municipality can be found liable under ' 1983 only if action pursuant to an official policy or custom of the municipality causes a constitutional tort. *Id.* at 690-91. It is undisputed that there is no municipal policy or custom of constitutional violations in actions by IMPD officers in circumstances such as Johnson alleges.

In addition, insofar as Chief Ciesielski is sued in his individual capacity, a viable claim requires a showing that he be personally responsible for the alleged violation of Johnson's federally secured rights. *See Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001) (discussing the requirement of a defendant=s personal responsibility to support a viable claim under ' 1983 and quoting the requirement of *Farmer v. Brennan,* 511 U.S. 825, 843-44 (1994), that an official be aware of facts supporting inference of substantial risk of harm and that he actually draw the inference); *Starzenski v. City of Elkhart,* 87 F.3d 872, 879 (7th Cir. 1996) ("'An individual cannot be held liable in a [42 U.S.C.] ' 1983 action unless he caused or participated in [the] alleged constitutional deprivation.'")(*quoting Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983)). The evidentiary record is clear that Chief Ciesielski was not involved in Johnson's search or arrest, and the alleged misdeeds of the defendant officers cannot be attributed to him. *See Antonelli v. Sheahan,* 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing.") (internal quotations omitted).

### E. *State Law Claims*

Only Johnson's state law claims remain. The Seventh Circuit has held that a district court should relinquish jurisdiction over state law claims that remain after the dismissal of federal claims unless any of the following three circumstances exists: (1) the state law claims may not be re-filed because a statute of limitations has expired, (2) substantial judicial resources have been expended on the state claims, or (3) it is clearly apparent how the state claims are to be decided. *Williams v. Rodriguez,* 509 F.3d 392, 404 (7th Cir. 2007). None of these circumstances are present here as to the pendent claims under Indiana state law. They are therefore remanded.

## IV. Conclusion

The defendants' motion for summary judgment [68] is **granted** as to Johnson's federal claims. Johnson's state law claims are remanded to the Marion Superior Court. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/08/2013

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Darrell Johnson
1165 Richfield Lane
Avon, IN 46123

Electronically Registered Counsel